RECEIVED

JUL 2 0 2007
ᑎᑕᒪᒪ
ROBERT H. SHEMWELL, CLERK
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE, LOUISIANA

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**SHREVEPORT DIVISION**

| | | | |
|---|---|---|---|
| **UNITED STATES OF AMERICA** | ) | | |
| | ) | | |
| **VERSUS** | ) | **5:07CV1213** | **S** |
| | ) | | |
| **$134,400 IN U.S. CURRENCY** | ) | | |

---

## VERIFIED COMPLAINT FOR FORFEITURE *IN REM*

---

COMES NOW, THE UNITED STATES OF AMERICA, by and through the United States Attorney for the Western District of Louisiana in a civil case of forfeiture in rem and respectfully avers as follows:

I.

That this court has jurisdiction pursuant to 28 U.S.C. §§1345 and 1355.

II.

That venue is proper within this judicial district pursuant to 28 U.S.C. §1395, 21 U.S.C. § 881(j).

III.

That the plaintiff is the United States of America, a sovereign nation authorized to sue.

IV.

That the defendant is $134,400.00 in U.S. currency.

V.

That on February 21, 2007, Task Force Agent Hank Haynes was informed that a safety deposit box #4 was issued on February 3, 2007, to Barry Errol Edwards at Sam's Town Casino in Shreveport, Louisiana. Only hotel patrons of Sam's Town Casino and their guests are eligible for safety deposit boxes. Barry Errol Edwards did not have a room at the Sam's town Casino,



nor was he a guest of anyone who did.  Based on this, the hotel decided to drill the safety deposit

box on February 19, 2007 and discovered that it contained $134,400.00 in U.S. currency.

VI.

A criminal check on Barry Errol Edwards was performed and found that he had a history

of arrests for drug possession and drug possession with intent to distribute, a 1997 conviction in

Bossier Parish for possession of cocaine.  Edwards also had a DEA file and was associated with

six (6) separate DEA investigations.

VII.

Additional checks with the Louisiana Department of Labor revealed that Barry Errol

Edwards had no reported income for the past five years.

VIII.

On February 21, 2007, a Louisiana State Police drug detection canine gave a positive

alert for controlled substances to a safety deposit box containing the $134,400.00 in U.S.

currency.

IX.

Based on the above facts, DEA Shreveport administratively seized the currency.

X.

That the $134,400.00 in U.S. Currency constitutes proceeds, or things derived from

proceeds, traceable to a violation of 18 U.S.C. §545 and/or to offenses constituting "specified

unlawful activity" as defined in 18 U.S.C. §1956(c)(7) and are subject to forfeiture to the United

States of America pursuant to 18 U.S.C. §981(a)(1)(C).

XI.

That the $134,400.00 in U.S. Currency constitutes money or other things of value

furnished in exchange for a controlled substance, proceeds traceable to such an exchange, and

moneys used or intended to be used to facilitate violations and are subject to forfeiture pursuant to 21 U.S.C. §881(a)(6).

### XII.

That the $134,400.00 in U.S. Currency constitutes things used in, to aid in, or to facilitate, the importation, bringing in, unlading, landing, removal, concealing, harboring, or subsequent transportation of any article which is being or has been introduced, into the United States contrary to law and are subject to forfeiture pursuant to 19 U.S.C. §1595(a).

### XIII.

That the $134,400.00.00 in U.S. Currency is subject to forfeiture pursuant to 31 U.S.C. §5332 as currency in excess of $10,000, which was knowingly concealed in an attempt to evade the currency reporting requirements under 31 U.S.C. §5316, regarding its transportation or attempted transportation from a place within the United States to a place outside the United States and/or from a place outside the United States to a place within the United States.

### XIV.

That the defendant $134,400.00 in U.S. Currency was seized and has been deposited into a Department of Treasury suspense account and will be stored in said account during the pendency of this action in accordance with 19 U.S.C. §1605.

### XV.

That by reason of the foregoing, the defendant property, $134,400.00 in U.S. Currency has become forfeited to the United States of America pursuant to 18 U.S.C. §981(a)(1)(C), 19 U.S.C. §1595a(a), 21 U.S.C. §881(a)(4) and (6), and 31 U.S.C. §§5332.

XVI.

As noted in Exhibit "A" attached hereto and incorporated by reference herein, DEA Task

Force Agent Hank Haynes, the lead federal investigator in this matter, has verified the accuracy

of all factual allegations contained herein.

WHEREFORE, Plaintiff, the United States of America,  prays:

1.  That due process issue to enforce the forfeiture and give notice to the interested

parties to appear and show cause why forfeiture should not be decreed;

2. That the defendant property, $134,400.00 in U.S. Currency be condemned and

forfeited to the United States of America to be disposed of according to law;

3. That this Court grant the government reimbursement of its cost and expenses,

including advertising and/or publication costs incurred in this matter;

4.  That this Court grant such other and further relief as it may deem just and proper.

Respectfully submitted,

DONALD W. WASHINGTON
United States Attorney

By:

A. G. "ALEC" ALEXANDER, III  (#24931)
Assistant United States Attorney
800 Lafayette Street, Suite 2200
Lafayette, Louisiana  70501-6832
Telephone:  (337) 262-6618
Fax:         (337) 262-6693

# VERIFICATION

**STATE OF LOUISIANA**

**PARISH OF LAFAYETTE**

I, DEA Task Force Agent Hank Haynes, lead federal agent in the referenced matter involving Barry Errol Edwards and $134,400.00 in U.S. Currency seized at Sam's Town Casino on March 21, 2007, state that I have read the foregoing Complaint for Forfeiture in rem and that the contents thereof are true to the best of my knowledge, information and belief.

TFA Hank Haynes

HANK HAYNES
DEA TASK FORCE OFFICER

**SWORN TO AND SUBSCRIBED** before me this 20th day of July, 2007, at Shreveport, Louisiana.

_____
NOTARY PUBLIC

My commission expires _____.

# CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing has been mailed to the following person by depositing a copy of same in the U. S. Mail, properly addressed, with adequate postage affixed to:

W. James Singleton
The Singleton Law Firm
4050 Linwood Avenue
Shreveport, LA 71108

A. M. Stroud, III
920 Pierremont Road, Ste. 308
Shreveport, LA 71106

Lafayette, Louisiana, this 20TH day of July, 2007.

A. G. "ALEC" ALEXANDER, III
Assistant United States Attorney